## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRANDI D. MUNOZ, a/k/a )
BRANDI D. MUNOZ-GAINER, )
            )
        Plaintiff, )
            )
vs. ) Case No. 13-CV-357-JED-FHM
            )
NAVISTAR INTERNATIONAL )
CORPORATION, a foreign for profit )
business corporation; )
NAVISTAR, INC., a foreign for profit )
business corporation, f/k/a )
INTERNATIONAL TRUCK AND ) ATTORNEY'S LIEN CLAIMED
ENGINE CORPORATION; IC BUS OF )
OKLAHOMA, LLC, a foreign limited )
liability corporation, f/k/a )
AMERICAN TRANSPORTATION OF )
OKLAHOMA, LLC; and IC BUS, LLC, )
            )
        Defendants. )

## AMENDED COMPLAINT

**COMES NOW** Brandi D. Munoz a/k/a Brandi D. Munoz-Gainor (hereinafter "Plaintiff"), by and through her attorneys of record, Amber Peckio Garrett of the Garrett Law Center, PLLC, and brings this action against **Navistar International Corporation**, a foreign for profit business corporation; **Navistar, Inc.**, a foreign for profit business corporation, f/k/a International Truck and Engine Corporation; **IC Bus of Oklahoma, LLC**, a foreign limited liability corporation, f/k/a American Transportation of Oklahoma, LLC (hereinafter "Defendant IC"); and **IC Bus, LLC**, a foreign limited liability company; and (collectively the "Defendants"); for violations of her constitutionally protected rights arising out of her employment.

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Tulsa, Tulsa County, State of Oklahoma.

2.      Defendant IC is a foreign limited liability corporation regularly doing business in Tulsa, Tulsa County, State of Oklahoma.

3.      The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa, Tulsa County, State of Oklahoma.

4.      Plaintiff filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission (the "EEOC") complaining of discrimination based on disability, retaliation and wrongful termination.  A Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue.  As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.      This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

6.      Plaintiff brings this action against the Defendants under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* (hereinafter the "ADA"); the Family and Medical Leave Act of 1993 (hereinafter the "FMLA"); Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"); the *Oklahoma Anti-Discrimination Act* of 1964 (hereinafter the "OADA"); Section 1107 of the *Sarbanes-Oxley Act of 2002* (hereinafter "Sarbanes-Oxley Act"); the *Oklahoma Medicaid False Claims Act*, 63 O.S. 5033.1, *et seq.*, (hereinafter "OMFC"); the *Oklahoma Occupational Health and Safety Standards Act of 1970*, 40 O.S. §403, *et seq.* (hereinafter "OOHS"); 25 O.S. §§1101, 1301, *et seq.*; the *Fair Labor Standards Act*, 29 U.S.C. 201, *et seq.*; the *Davis-Bacon Act*, 40 U.S.C. 3141, *et seq.* and all other applicable federal and state statutes, for discriminating against the Plaintiff on the basis of her disability, retaliation, wrongful termination, for damages related to non-payment of hours worked and for damages to secure the protection of and to redress deprivation of her rights.

2

7.     Compensatory damages are sought pursuant to the ADA; the FMLA; Title VII, the OADA; the Sarbanes-Oxley Act, the OMFC, the OOHS, the FLSA; the *Davis-Bacon Act*, Okla. Stat. tit. 25, §§ 1101, 1301, *et seq.*, and all other applicable federal and state statutes.

8.     Punitive damages are sought pursuant the ADA; the FMLA; Title VII, the OADA; the Sarbanes-Oxley Act, the OMFC, the OOHS, the FLSA; the *Davis-Bacon Act*, Okla. Stat. tit. 25, §§ 1101, 1301, *et seq.*, and all other applicable federal and state statutes.

9.     Costs and attorney's fees may be awarded pursuant to the ADA; the FMLA; Title VII, the OADA; the Sarbanes-Oxley Act, the OMFC, the OOHS, the FLSA; the *Davis-Bacon Act*, Okla. Stat. tit. 25, §§ 1101, 1301, *et seq.*, and all other applicable federal and state statutes.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff incorporates paragraphs 1 through 9, as if realleged.

11.     Defendant IC hired Plaintiff as a Registered Medical Assistant as a temporary employee on May 27, 2003 and then as a permanent employee on January 3, 2005.  The Plaintiff was discharged on October 9, 2012.

12.     The Plaintiff was diagnosed on December 26, 2006 with Connective Tissue Disease which is in the family of autoimmune disease.

13.     Subsequent to Plaintiff's diagnosis, the Plaintiff continued to work for Defendant IC.

14.     The Plaintiff had chemotherapy in 2009 and the Defendants paid her short term disability for her time off.  Plaintiff went into remission after these treatments and returned to work.

15.     In August of 2012, a prior muscle biopsy in Plaintiff's leg began to tear open and her doctor recommended she have surgery to repair the tear.  The Plaintiff sent an email to

Defendants' Human Resource Department on August 2, 2012, requesting FMLA benefits for future appointments with her surgeon and rheumatologist. Plaintiff also requested that she be put on short term disability to cover the time she would be off work as a result of the surgery. On September 24, 2012, the Plaintiff sent an email to Defendant IC advising she was going to have to begin chemotherapy again due to her autoimmune disease coming back and again reminded them of her need for FMLA.

16.     The Defendant IC placed her on short term disability and paid the Plaintiff for the period she was off work due to the surgery which was from August 28, 2012 through October 9, 2012.

17.     The Plaintiff's doctor released her to return to work on October 10, 2012. Plaintiff called her supervisor on October 9, 2012 to make sure her badge had been reactivated. Her supervisor said that her badge was on and he would see her the next day at work.

18.     Later that day, David "Red" Smith called the Plaintiff and advised her that the company was downsizing and that they no longer had a job for her.

19.     The Plaintiff was very shocked and surprised that she was losing her job because earlier in the year, when the Defendants were offering voluntary layoffs with benefits, (and prior to the Plaintiff or the Defendants knowing that she would need additional FMLA), the Defendant IC told her she should not consider a voluntary layoff because her job was "safe" and they couldn't do without her because she was the only Medical Assistant.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON DISABILITY:
### AMERICANS WITH DISABILITIES ACT OF 1990,
### AS AMENDED, 42 U.S.C. § 12101, *et seq.*

20.     Plaintiff incorporates paragraphs 1 through 19, as if realleged.

21.     Defendants engaged in unlawful employment practices in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*

22.     Persons with a physical impairment or who are perceived to have such an impairment are persons with a disability within the meaning of Sections 3 and 102(a) of the ADA, 42 U.S.C. §§ 12102(2) and 12112(a).  The ADA prohibits employers from firing or laying off an employee because of the employee's disability.

23.     Plaintiff was an employee of Defendant IC and her employer was aware of her disability.

24.     Plaintiff was qualified to perform her job functions with reasonable accommodations.

25.     Plaintiff has a disability that substantially affects one or more of her major life activities, such as breathing, communicating and her ability to physically and mentally process situations when working while her blood counts are too high or when she is being harassed by her employer.

26.     When the Defendants began to offer voluntary layoffs with benefits in the Spring of 2012, Defendants told the Plaintiff that her job was "safe" and that they did not want her to take voluntary layoff because they needed her to continue to work for the company.

27.     However, on August 2, 2012, when the Plaintiff informed Defendant IC of her need for FMLA for future doctor visits and additional chemotherapy, Plaintiff alleges that Defendant IC "changed" its mind and laid the Plaintiff off while she was still on short term disability, thereby depriving her of her equal employment opportunities because of her disability.

28.     The Plaintiff alleges that she was laid off due to her past, present and future disability with respect to her need to take off work for future doctor visits and chemotherapy.  An

5

employer is prohibited from firing or laying off an employee because of the employee's disability.

29.   The unlawful employment practices complained of were intentional.

30.   Defendants at all relevant times have acted with malice or reckless indifference to the federally protected rights of Plaintiff, in violation of the ADA, U.S.C. § 12101, *et seq.*

**WHEREFORE,** Plaintiff prays for judgment against the Defendants for:

(a)   Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

(b)   Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

(c)   Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants;

(d)   Her attorney fees and the costs and expenses of this action; and

(e)   Such other relief as the Court deems just and equitable.

**SECOND CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON DISABILITY:**
**25 O.S. §§ 1101, 1301,** *et seq.*

31.   Plaintiff incorporates the paragraphs 1 through 30, as if realleged.

32.   Defendants engaged in unlawful employment practices in violation of the *Oklahoma Anti-Discrimination Act of 1964* and 25 O.S. §§ 1101, 1301, *et seq.*

33.   Persons with a physical impairment or who are perceived to have such an impairment are persons with a disability within the meaning of 25 O.S. §§ 1101, 1301, *et seq* . An employer is prohibited from firing or laying off an employee because of the employee's disability.

6

34.     Plaintiff was an employee of Defendant IC and her employer was aware of her disability.

35.     Plaintiff was qualified to perform her job functions with reasonable accommodations.

36.     Plaintiff has a disability that substantially affects one or more of her major life activities, such as breathing, communicating and her ability to physically and mentally process situations when working while her blood counts are too high or when she is being harassed by her employer.

37.     When the Defendants began to offer voluntary layoffs with benefits in the Spring of 2012, Defendants told the Plaintiff that her job was "safe" and that they needed her to continue to work for the company.

38.     However, on August 2, 2012, when the Plaintiff informed Defendant IC of her need for FMLA for future doctor visits and additional chemotherapy, Plaintiff alleges that Defendant IC "changed" its mind and laid the Plaintiff off while she was still on short term disability, thereby depriving her of her equal employment opportunities because of her disability.

39.     The Plaintiff alleges that she was laid off due to her past, present and future disability with respect to her need to take off work for future doctor visits and chemotherapy.

40.     The unlawful employment practices complained of were intentional.

41.     Defendants at all relevant times have acted with malice or reckless indifference to the state protected rights of Plaintiff, in violation of the 25 O.S. §§ 1101, 1301, *et seq.*

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for:

(a)     Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

7

(b)     Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

(c)     Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants;

(d)     Her attorney fees and the costs and expenses of this action; and

(e)     Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
### RETALIATION BASED ON WHISTLE-BLOWING:
### THE SARBANES-OXLEY ACT OF 2002
### OKLAHOMA MEDICAID FALSE CLAIMS ACT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### OKLAHOMA OCCUPATIONAL HEALTH & SAFETY STANDARDS ACT OF 1970

42.     Plaintiff incorporates the paragraphs 1 through 41, as if realleged.

43.     Defendants engaged in unlawful employment practices in violation of Section 1107 of the *Sarbanes-Oxley Act of 2002*; the *Oklahoma Medicaid False Claims Act*, 63 O.S. 5033.1, *et seq.*; Title VII of the Civil Rights Act of 1964; and the *Oklahoma Occupational Health & Safety Standards Act of 1970.*

44.     An employer is prohibited from retaliating against employees who report corporate wrongdoings. Section 1107 of the *Sarbanes-Oxley Act of 2002*. The *Sarbanes-Oxley Act's* primary purpose is to protect shareholders by holding accountable companies and individuals engaged in corporate wrongdoing. Section 806 of the *Sarbanes-Oxley Act* provides a *private right for employees* of publicly traded companies (Defendant is a publicly traded company) who may be subject to retaliation for reporting what they "reasonably believe" to be a violation of federal regulations or accounting laws. Another purpose of the *Sarbanes-Oxley Act* is to protect employees of companies who report fraud and other abuse to management, and

consequently find their concerns ignored and are subsequently harassed or terminated from his/her job.

45.     The *Oklahoma Occupational Health and Safety Standards Act of 1970*, Okla. Stat. tit. 40, §403, *et seq.* states that an employer "[c]an not discharge, discriminate, or take adverse personnel action if employee files a complaint, institutes a proceeding or testifies regarding a violation of the *Oklahoma Occupational Health and Safety Standards Act of 1970*." The Plaintiff *should have been protected* from coercion, intimidation, threat, harassment or interference in her exercise of her rights, *but was not.*

46.     The Defendant retaliated and harassed the Plaintiff because she talked with other employees whose rights were being violated. When the Plaintiff would bring the violations to the Defendants' attention, she was told to be a "company player".

47.     The Plaintiff also informed John Mattox in Worker's Compensation that the Defendant was unlawfully reporting OSHA recordable accidents and hiding thousands of recordable accidents to prevent OSHA from visiting the plant. When the Defendant checked into this allegation, Human Resources David "Red" Smith instructed the employees to change the way they were doing the charts and to leave out incriminating things in the charts. In retaliation, David "Red" Smith harassed the Plaintiff and terminated her due to the Plaintiff bringing up the violations being committed by the Defendant IC.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for:

(a)     Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

(b)     Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

(c)     Punitive damages for the intentional and knowing acts of discrimination committed by and still being committed by Defendants' management and executives;

(d)     Her attorney fees and the costs and expenses of this action; and

(e)     Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### WRONGFUL DISCHARGE BASED ON DISABILITY:
### AMERICANS WITH DISABILITIES ACT OF 1990,
### AS AMENDED, 42 U.S.C. § 12101, et. seq.

48.     Plaintiff incorporates the paragraphs 1 through 47, as if realleged.

49.     Defendants engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12101, *et seq.*

50.     Persons with a physical impairment or who are perceived to have such an impairment are persons with a disability within the meaning of Sections 3 and 102(a) of the *Americans with Disabilities Act*, 42 U.S.C. §§ 12102(2) and 12112(a).   The ADA prohibits employers from firing or laying off an employee because of the employee's disability.

51.     Plaintiff was an employee of Defendant IC and her employer was aware of her disability.

52.     Plaintiff was qualified to perform her job functions with reasonable accommodations.

53.     Plaintiff has a disability that substantially affects one or more of her major life activities, such as breathing, communicating and her ability to physically and mentally process situations when her blood levels are too high or she is being harassed by her employer.

54. When the Defendants began to offer voluntary layoffs with benefits in the Spring of 2012, Defendants told the Plaintiff that her job was "safe" and that they did not want her to take a voluntary layoff because they needed her to continue to work for the company.

55. However, on August 2, 2012, when the Plaintiff informed Defendant IC of her need for FMLA for future doctor visits and additional chemotherapy, Plaintiff alleges that Defendant IC "changed" its mind and laid the Plaintiff off while she was still on short term disability, thereby depriving her of her equal employment opportunities because of her disability.

56. The Defendant told the Plaintiff that her position was no longer needed, but subsequently hired and replaced the Plaintiff's job with another person.

57. The Plaintiff alleges that she was involuntarily laid off due to her past, present and future disability with respect to her need to take off work for future doctor visits and chemotherapy.

58. The unlawful employment practices complained of were intentional.

59. Defendants at all relevant times have acted with malice or reckless indifference to the federally protected rights of Plaintiff, in violation of the ADA, U.S.C. § 12101 *et seq.*

**WHEREFORE**, Plaintiff prays for judgment against Defendants for:

    (a)    Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    (b)    Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

    (c)    Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants;

(d)     Her attorney fees and the costs and expenses of this action; and

(e)     Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARD ACT, 29 U.S.C. 201, et.seq

60.     Plaintiff incorporates the paragraphs 1 through 59, as if realleged.

61.     The Plaintiff was the only Medical Assistant employed for Defendant IC.  One of her responsibilities was to care for and treat the employees when medical attention was required.

62.     The linemen who were employed for Defendant IC were only allowed to seek medical attention on their breaks or lunch hours.  Plaintiff alleges that every day there would be at least one (1), if not more employees, that sought medical attention during the time she was supposed to be taking her lunch hour.

63.     From the period of August of 2010 up through August 28, 2012, (the date she went out on short term disability) the Plaintiff was hardly ever able to take her lunch hour or her breaks.  Due to a fear of losing her job, she felt she had no other choice than to eat at her desk in between patients.  The Plaintiff was entitled to take a thirty (30) minute lunch hour and thirty (30) minutes of breaks every day.  However, since she was the only Medical Assistant, she was not able to go to lunch or to take her breaks.  She was never paid for the thirty (30) minute lunch hours or the thirty (30) minutes of breaks that she worked through most every day.

64.     Plaintiff alleges that Corporate sent an email stating that all salaried employees must fill out timecards.  When the Plaintiff read the email, she spoke with Eric Saleh and told him that she was not going to lie and say she had only worked 40 hours a week, when in fact she had worked more than 40 hours per week.  She rarely took an uninterrupted lunch break or her regular breaks and was often expected to work before and after her shift began and ended – to get the job done.  Saleh told the Plaintiff that he would check with Red Smith because he had two

other employees with the same situation the Plaintiff was experiencing. Saleh never got back to the Plaintiff after her several weeks of asking.

65.     One of the Defendants' company policies is that all employees are not expected to work during non paid time such as lunch. Sometimes schedules are flexed because of machine breakdown or other similar circumstances, and then those that worked during the scheduled lunch break should then be allowed to take their 30 minute lunch without working. The Plaintiff alleges she was not allowed to compensate for the lunch hours she worked through.

**WHEREFORE**, as a result of the Defendants' violations of the *Fair Labor Standards Act*, 29 U.S.C. 201, *et seq.*, Plaintiff prays for judgment against Defendants for:

66.     Reimbursement of all hours she worked that she was not compensated for;

67.     Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

68.     Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

69.     Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants;

70.     Her attorney fees and the costs and expenses of this action; and

71.     Such other relief as the Court deems just and equitable.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE DAVIS-BACON ACT, 40 U.S.C. 3141, *et seq*

72.     Plaintiff incorporates the paragraphs 1 through 71, as if realleged.

73.     The *Davis-Bacon Act*, 40 U.S.C. 3141, *et seq.* applies to contractors and subcontractors performing on federally funded or assisted contracts in excess of $2,000 for the construction, alteration, or repair of public works.

74.     The *Davis-Bacon Act*, 40 U.S.C. 3141, *et seq.* requires that its contractors and subcontractors pay its employees according to the Department of Labor standards.

75.     The Defendants are contractors or sub-contractors with the United States Army for the purpose of manufacturing buses at the Tulsa plant for the United States Army to use in Afghanistan and Iraq.

76.     Based on the Plaintiff's allegations contained herein, the Defendants are in violation of the *Davis-Bacon Act*.

**WHEREFORE**, as a result of the Defendants' violations of the *Davis-Bacon Act*, Plaintiff prays for judgment against Defendants for:

77.     Reimbursement of all hours she worked that she was not compensated for;

78.     Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

79.     Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

80.     Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants;

81.     Her attorney fees and the costs and expenses of this action; and

82.     Such other relief as the Court deems just and equitable.

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

83.     Plaintiff incorporates the paragraphs 1 through 82, as if realleged.

84.     Defendants' actions of intentional and malicious discrimination to Plaintiff's disability, retaliation against Plaintiff, wrongful termination, violation of the Fair Labor

Standards Act and the Davis-Bacon Act, are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

**WHEREFORE,** based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy-Five Thousand Dollars ($10,00000), with interest accruing from date of filing of suit, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, compensatory damages for physical anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees and costs, injunctive relief and all other relief deemed appropriate by this Court.

Respectfully submitted this 23rd day of July, 2013.

GARRETT LAW CENTER, PLLC

By:    /s/Amber Peckio Garrett
Amber Peckio Garrett, OBA #19908
D. Mitchell Garrett Jr., OBA # 20704
P.O. Box 1349
Tulsa, OK 74101-1349
Tel: 918-895-7216
Fax: 918-895-7217
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify that on the 23rd day of July, 2013, a true and exact copy of the above and foregoing instrument was transmitted electronically through the CM/EFC website to:

Robyn M. Funk
Kimberly Lambert Love
**TITUS, HILLIS, REYNOLDS, LOVE, DICKMAN & MCCALMON**
15 E. 5th Street, Suite 3700
Tulsa, OK 74103

   /s/ Amber Peckio Garrett
Amber Peckio Garrett, OBA# 19908