IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BRANDI D. MUNOZ, a/k/a BRANDI D. )
MUNOZ-GAINER, )
                                  )
            Plaintiff, )      Case No. 13-CV-357-JED-FHM
v. )
                                  )
NAVISTAR INTERNATIONAL )
CORPORATION, et al., )
                                  )
            Defendants. )

**OPINION AND ORDER**

**I.    Background**

Before the Court is defendants' motion (Doc. 18) to dismiss the third, sixth, and seventh claims in plaintiff's Amended Complaint. In her Amended Complaint, plaintiff alleges the following facts, which are taken as true in evaluating defendants' dismissal motion.

Plaintiff was employed with defendant IC Bus of Oklahoma, LLC (IC) from 2003 until October 9, 2012. She was diagnosed with "Connective Tissue Disease, which is in the family of autoimmune disease," in 2006, and thereafter required various medical care, including chemotherapy treatments. She also had surgery to repair a tear from a prior muscle biopsy. At times between 2006 and 2012, she was provided short term disability leave. From August 28 to October 9, 2012, she was on short term disability leave due to surgery. Her doctor released her to return to work on October 10, 2012. She called her supervisor on October 9, 2012 to ensure her work badge was reactivated, and the supervisor told plaintiff he would see her the next day at work. Later on October 9, 2012, IC called plaintiff "and advised her that the company was downsizing and that they no longer had a job for her." She was "shocked and surprised that she was losing her job because earlier in the year, when Defendants were offering voluntary layoffs

with benefits, ... IC told her she should not consider a voluntary layoff because her job was 'safe' and they couldn't do without her because she was the only Medical Assistant." She thereafter filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of discrimination based on disability, retaliation, and wrongful termination.

Plaintiff asserts seven claims for relief: (1) disability discrimination in violation of the Americans with Disabilities Act (ADA); (2) disability discrimination under the Oklahoma Anti-Discrimination Act; (3) whistle-blower retaliation in violation of the Sarbanes-Oxley Act of 2002 (SOX), Oklahoma Medicaid False Claims Act (OMFCA), Title VII of the Civil Rights Act (Title VII), and the Oklahoma Occupational Health & Safety Standards Act of 1970 (OHSSA); (4) wrongful discharge based on disability, in violation of the ADA; (5) violation of the Fair Labor Standards Act (FLSA); (6) violation of the Davis-Bacon Act; and (7) intentional infliction of emotional distress. Defendants seek dismissal of the third, sixth and seventh of those claims.

## II.     Dismissal Standards

In considering a Rule 12(b)(6) motion, the court must determine whether plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555.

2

**III.     Discussion**

    **A.     Third Claim**

In her third claim, plaintiff asserts that defendants "engaged in unlawful employment practices in violation of" SOX, the OMFCA, Title VII, and the OHSSA.  She further asserts that defendants "retaliated [against] and harassed the Plaintiff because she talked with other employees whose rights were being violated," and "[w]hen [she] would bring the violations to the Defendants' attention, she was told to be a 'company player.'"  She contends that she informed "John Mattox in Worker's Compensation that the Defendant was unlawfully reporting OSHA recordable accidents," and was thereafter "harassed ... and terminated...."

Defendants seek dismissal of the third claim on several grounds.  To the extent the third claim is based upon SOX, defendants assert that plaintiff failed to exhaust any SOX claim, and the Amended Complaint contains no facts to state such claim.  To the extent that the third claim is purportedly based upon Title VII, defendants provided the charge of discrimination and noted that plaintiff did not exhaust any Title VII retaliation claim.  Defendants also argued that plaintiff has not identified any protected class status under Title VII.[1]  Defendants also analyzed the

---

[1] Defendants seek dismissal in part under Fed. R. Civ. P. 12(b)(1). The Court will instead determine the motion under Rule 12(b)(6), because the Tenth Circuit recently called into doubt prior decisions that Title VII exhaustion requirements are jurisdictional. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1039-40 (10th Cir. 2015) (calling into doubt prior decisions). However, exhaustion is still required as a condition precedent to filing a claim, such that dismissal is available where a failure to exhaust is plain. *See Arabalo v. City of Denver*, __ F. App'x __, 2015 WL 5235740, **11-12 (10th Cir. Sept. 9, 2015) (declining to determine "whether exhaustion is a jurisdictional bar," because "[e]ven if administrative exhaustion is only a condition precedent to suit, [a plaintiff must still] exhaust her administrative remedies for" each claim); *see also Gad*, 787 F.3d at 1040 ("Holding [an exhaustion requirement] non-jurisdictional does not imply any diminution in the need for plaintiffs to comply with [the] requirement," and a defendant "may still achieve the dismissal of a plaintiff's suit" based on failure to so comply).

OHSSA and OMFCA and argued that plaintiff's allegations in no way state any plausible claim under those statutes.

Plaintiff did not respond to those arguments or identify any facts that would support any claims. (*See* Doc. 21 at 4-5). She did not cite any legal authorities that would support the maintenance of any claim as described in the third claim. Rather, she only vaguely and generally asserted that such a claim is proper under *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989) (Doc. 21), although she did not cite that as a basis for any claim in her pleading (*see* Doc. 16). Plaintiff also submitted an affidavit (Doc. 22), in which her counsel asserts that several depositions are required to supply additional information to support her claims.

Plaintiff's third claim for relief will be dismissed. The Court agrees that plaintiff has not properly exhausted any purported retaliation claims under SOX or Title VII. (*See* Doc. 18-1). *See* 18 U.S.C. § 1514A(b) (requirement of first filing a complaint under SOX with the Secretary of Labor); 42 U.S.C. § 2000e-5 (requiring charge describing date, place, and circumstances of alleged unlawful practice with EEOC); *Gad*, 787 F.3d at 1039-40 (noting requirement to exhaust Title VII claims before filing).[2] Plaintiff does not assert that she made any attempt to file a complaint with the Secretary of Labor, the charge she filed with the EEOC does not reference Title VII, and plaintiff has not argued in response that she did exhaust such claims. In addition, the Tenth Circuit has held that "*Burk* claims must have their basis in Oklahoma *state* law," rather

---

[2] A district court's consideration of a Rule 12(b)(6) motion to dismiss for failure to state a claim is normally limited to the allegations in the complaint, but the "court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity." *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). Plaintiff expressly referenced the charge in her pleading (Doc. 16 at ¶ 4), defendants provided a copy of the charge (Doc. 18-1), and plaintiff does not contest its authenticity. Pursuant to the foregoing authorities, the Court may therefore consider the charge in the context of ruling on the Rule 12(b)(6) dismissal motion.

than federal law. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 n.7 (10th Cir. 2003) (citations omitted). As a result, even had she pleaded a *Burk* tort claim, no such claim is cognizable based on the federal statutes.

In addition, plaintiff has provided no factual allegations that support maintenance of any retaliation claim based upon any other law that she has cited. The gravamen of her Amended Complaint is that she was on disability leave and was terminated upon notifying IC that she was returning to work the following day. That may generally support her disability and FMLA claims, but those allegations do not support her whistleblower retaliation claims.

Assuming it were appropriate to consider plaintiff's counsel's affidavit at this stage of the proceedings (which it is not), the affidavit does not save the third claim from dismissal. In the Amended Complaint, plaintiff's third claim was purportedly based upon numerous violations of statutes. She failed to respond with applicable legal authorities supporting her maintenance of any such claims, and she has only indicated very vaguely that discovery is needed for more information in support of her claims. A plaintiff is required to provide enough facts to state a plausible claim for relief when a claim is filed, not at some later date based upon unspecific assertions that she needs discovery to state a claim. Moreover, she has not exhausted her third claim to the extent based upon Title VII or SOX, and it is too late to timely exhaust those claims, such that those claims are accordingly barred. For these reasons, the third claim will be dismissed with prejudice.

**B.    Sixth Claim**

In her sixth claim, plaintiff asserts a claim under the Davis Bacon Act, 40 U.S.C. § 3141 *et seq.* In support of that claim, she alleges that defendants "are contractors or sub-contractors with the United States Army for the purpose of manufacturing buses at the Tulsa plant for the

United States Army to use in Afghanistan and Iraq," and defendants "are in violation of the Davis-Bacon Act." (Doc. 16 at ¶¶ 75-76). Plaintiff then asks for reimbursement for wages she claims to have earned but was not paid. (*Id.* at ¶ 77). Defendants argue that such a claim should be dismissed because there is no implied private right of action for back wages under the Davis-Bacon Act. In response, plaintiff cites a few cases outside of the Tenth Circuit.

The vast majority of courts to pass upon the issue, including at least one district court within the Tenth Circuit and numerous other Circuit Courts of Appeal, have determined that the Davis-Bacon Act does not contemplate a private right of action for back wages. *See, e.g., Horne v. Scott's Concrete Contractor,* Civ. No. 12-CV-1445-WYD-KLM, 2013 WL 3713905 at *7 (D. Colo. Apr. 24, 2013), adopted and aff'd, 2013 WL 3713653 (Jul. 16, 2013) (unpublished); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 85-86 (2d Cir. 2003); *Weber v. Heat Control Co.*, 728 F.2d 599, 600 (3d Cir. 1984); *Duran-Quezada v. Clark Constr. Group*, 582 F. App'x 238, 239 (4th Cir. 2014) (per curiam) (unpublished); *United States ex rel. Glynn v. Capeletti Bros., Inc.*, 621 F.3d 1309, 1317 (5th Cir. 1980); *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 676 (9th Cir. 1998). The Court agrees with the reasoning in the foregoing cases and determines that the Davis-Bacon Act does not provide plaintiff here with a private right of action. The sixth claim of the Amended Complaint will be dismissed without leave to amend.

C.    **Seventh Claim**

Plaintiff's seventh claim is for intentional infliction of emotional distress (IIED), based on her allegation that the defendants' conduct in allegedly violating the FLSA and other statutes was "extreme and outrageous and ... caused severe emotional and psychological damage to Plaintiff." (Doc. 16 at 14-15, ¶ 84). That claim is governed by the narrow standards set forth in

the Restatement Second of Torts, § 46. *Gaylord Entertainment Co. v. Thompson,* 958 P.2d 128, 149 (Okla.1998). In *Breeden v. League Servs. Corp.,* 575 P.2d 1374 (Okla.1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Id.* at 1376 (quoting Restatement (Second) § 46, cmt. d).

To state a claim, the plaintiff must assert facts that plausibly allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *See Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla. 2008) (quoting *Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002)). The trial court must assume a "gatekeeper role" and make an initial determination that the alleged conduct "may be reasonably regarded as sufficiently extreme and outrageous" to maintain a claim for IIED. *Trentadue v. United States,* 397 F.3d 840, 856 n.7 (10th Cir. 2005); *see also Gaylord*, 958 P.2d at 149.

The Amended Complaint does not set forth any facts that would rise to the level of outrageousness required to set forth an emotional distress claim under Oklahoma law, because the conduct alleged is not "so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *See Breeden*, 575 P.2d at 1376. Oklahoma courts have routinely held that employment-related claims generally do not rise to the level of outrageous conduct necessary to support a claim of IIED.

7

*Daniels v. C.L. Frates & Co.*, 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009); *see also Miner v. Mid-America Door Co.*, 68 P.3d 212 (Okla. Civ. App. 2003) (claim of IIED was not established despite allegations of sexually explicit verbal abuse and physically threatening conduct by a supervisor); *Eddy v. Brown*, 715 P.2d 74 (Okla. 1986) (allegations of ridicule by supervisor and foreman did not amount to sufficiently outrageous conduct); *Anderson v. Oklahoma Temp. Servs., Inc.*, 925 P.2d 574 (Okla. Civ. App. 1996) (six events including lewd remarks about the plaintiff by her supervisor and embarrassing her by discussing her faults with coworkers were insufficiently outrageous); *Mirzaie v. Smith Cogeneration, Inc.*, 962 P.2d 678 (Okla. Civ. App. 1998) (allegations that employer made derogatory sexual comments about the plaintiff's fiancée, refused to allow plaintiff a day off of work to be with his wife and newborn son in the hospital, and called plaintiff in the middle of the night, browbeating the plaintiff for hours and requiring him to do unnecessary work, were not sufficiently outrageous to maintain a claim for IIED).

Plaintiff's IIED claim will be dismissed, for failure to state a claim, and she will not be given leave to file a second amended complaint reasserting that claim. Her allegations that defendants discriminated and retaliated against her clearly do not constitute extreme and outrageous conduct, and she has not stated a plausible claim of IIED. The Court has been provided no basis to infer that plaintiff has any additional factual allegations that would state such a plausible claim if given leave to amend that claim.

**IV.   Conclusion**

For the foregoing reasons, the defendants' dismissal motion (Doc. 18) is **granted**. The third, sixth, and seventh claims in plaintiff's Amended Complaint are hereby **dismissed**, without leave to amend.

SO ORDERED this 30th day of September, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE